IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| INDAR BHAN and HEIDI BHAN, | Case No. 6:18-cv-00166-AA |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| NEXUS RVs, LLC, | |
| Defendant. | |

AIKEN, District Judge:

Plaintiffs Indar and Heidi Bhan filed a breach of contract action in Lane County Circuit Court, an Oregon state court. Defendant Nexus RVs, LLC removed the case to federal court and subsequently moved to transfer venue to the Northern District of Indiana. I heard oral argument on that motion on May 29, 2018. For the reasons set forth below, defendant's motion is denied.

## BACKGROUND

In August 2017, Plaintiffs decided to purchase "a 2018 Nexus Model 36 DS Motorhome" from defendant. Compl. ¶ 3. Plaintiffs arranged for an agent to travel to Indiana, procure the motorhome, and drive it back to Oregon. Plaintiffs never traveled to Indiana, and all communications between plaintiffs and defendant took place through emails and phone calls.

1 – OPINION AND ORDER

Upon receipt of the motorhome, plaintiffs "determined several, substantial non-conforming issues[.]" *Id.* ¶ 4. Plaintiffs contend that the motorhome was constructed on the wrong chassis and that, as a result, the fuel tank, exhaust pipe, stairs, and other features are deficient and create safety hazards. They identify several other nonconforming features as well, including an allegedly broken dining table, protruding bolts, and visible staples. Plaintiffs immediately notified defendant of their objections to the product. They also sent a letter from their attorney "officially reject[ing] acceptance" of the motorhome. *Id.* ¶ 5.

Plaintiffs subsequently filed a breach of contract action in Oregon state court, demanding restitution. Defendant removed the case to federal court and now moves to transfer venue to the Northern District of Indiana, where defendant is located.

## STANDARDS

A district court may transfer a case to another district "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). The threshold question is whether the case *may* be transferred to the requested district, an inquiry that hinges on whether the action could have been brought originally in the proposed transferee district. *See id.* (permitting transfer "to any other district or division where [the action] might have been brought originally"). The parties agree that this action could have been brought in the Northern District of Indiana.

The second question is whether the case *should* be transferred. Courts answer that question according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). In the Ninth Circuit, courts consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of

forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor[.]"

*Jones v. GNC Franchising, Inc.* 211 F.3d 495, 498–99 (9th Cir. 2000) (citing *Stewart*, 487 U.S. at 29 and *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)).

## DISCUSSION

Whether to transfer venue in this case requires a close call.[1] On balance, I conclude that this action is best litigated in the District of Oregon.

I.  *Factors Weighing Against Transfer*

Three of the enumerated factors weigh in favor of keeping the action in this District. First, plaintiffs chose to file suit in Oregon. "[G]reat weight is generally accorded plaintiff's choice of forum[.]" *Lou*, 834 F.2d at 739. Plaintiffs are from Oregon, and originally filed this action in state court. They own two businesses in Oregon, and did not leave the state to acquire the motorhome. Plaintiffs made all inquiries, emails, and phone calls regarding purchase of the motorhome from Oregon. Lastly, plaintiffs discovered the alleged defects upon delivery in Oregon. It is certainly understandable that plaintiffs wanted to litigate this suit in Oregon. However, *Lou* also states that "[i]f the operative facts have not occurred within the forum and the

---

[1] The parties agree that there is no forum selection clause in the contract, so that consideration has no bearing on this case. In addition, I find that the parties' contacts with the forum are neutral in this case. Plaintiffs live and own businesses in Oregon; they have never been to Indiana. Defendant manufactures and sells motorhomes from Indiana. However, both parties affirmatively reached across state lines to make the contract at issue here. Plaintiffs knew they were transacting business in Indiana—they signed an agreement to that effect and sent an agent to pick up the motorhome in Indiana. And defendant knew it was making a deal with consumers in Oregon; it concedes that it affirmatively reaches out to consumers in all fifty states to sell its products. Overall, neither forum is a clear "winner" with respect to this factor, so I have not considered it in balancing the remaining factors.

3 – OPINION AND ORDER

forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled only minimal weight." *Id.* The operative facts of this case revolve around the manufacture and sale of the motorhome. The motorhome was manufactured in Indiana and plaintiffs concede that, per the terms of the purchase agreement, the sale took place in Indiana. As a result, plaintiffs' choice of forum carries less weight.

Second, the difference in the cost of litigation in the two forums weighs slightly plaintiffs' favor. Regardless of the final venue, one party's counsel and witnesses will have to travel to the other forum to attend hearings and conduct depositions. As suggested by plaintiffs, those costs may be alleviated by stipulation to telephonic testimony and use of other technology where possible. Plaintiffs cite *Beverage Management Systems, Inc. v. Ott*, 2013 WL 1296083, *8 (D. Or. Mar. 26, 2013), for the proposition that "the relative financial resources of the parties to absorb the costs of litigation is a consideration in a transfer of venue analysis." However, *Ott* does not help plaintiffs as much as they would hope. Defendant operates a small- to medium-sized business, with 112 full-time employees. Plaintiffs own two businesses that employ approximately 45 full-time employees. In addition, plaintiffs have enough discretionary income to purchase a motorhome worth almost $200,000. Thus, both parties are in a state to properly participate in this lawsuit regardless of venue. Nevertheless, because it appears that defendant may more easily absorb the costs of litigation, I find that this factor weighs slightly against transfer.

Third, access to physical proof weighs in favor of keeping the case in this District. The motorhome itself is located in Oregon, whereas most other evidence—such as defendants' manufacturing documents, policies, procedures, and advertising materials—are located in Indiana. Plaintiffs argue that "[i]t is almost a certainty that any fact-finder – a judge or jury –

will, at some point, need to view and inspect the [motorhome], *in person.*" Resp. Mot. Change or Transfer Venue 7 (emphasis in original). That argument is overstated; any purported defects or deficiencies could be shown via photo or video if necessary. Nevertheless, in-person inspection may be the best method of presenting the evidence, and documents—unlike motorhomes—can easily be duplicated and shared electronically. Accordingly, I find that access to physical evidence weighs in favor of keeping the case in Oregon.

III. *Factors Weighing in Favor of Transfer*

The four remaining factors weigh in favor of transferring this case to the Northern District of Indiana. First, Indiana law will govern this case. As noted above, the purchasing agreement states, in bolded capitalization, "[t]his transaction has occurred in the state of Indiana and shall be governed by the state of Indiana." Compl. Ex. A at 2 (doc. 1-1). This factor has limited weight because "federal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine Constr. Co., Inc. v. U. S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 67 (2013). Nevertheless, because federal courts in Indiana have relatively more familiarity with Indiana law than do federal courts in Oregon, this factor weighs slightly in favor of transfer.

Second, the purchase agreement specifies that the sale took place in Indiana, so the factor concerning the location of the relevant transactions weighs in favor of transfer. Relatedly, plaintiffs concede that, by the terms of the purchase agreement, the factor concerning "contacts relating to the cause of action" factor also weighs in favor of transfer. Thus, these factors also weigh in defendant's favor.

Finally, a court in Indiana would have greater power to compel non-party witnesses to testify. According to Federal Rule of Civil Procedure 45(c)(1)(A), a federal court cannot compel attendance of a witness, via subpoena, in any court more than 100 miles from that witness's

5 – OPINION AND ORDER

residence. Fed. R. Civ. Pro. 45(c)(1)(A). The non-party witnesses that took part in the sale and manufacture of the motorhome live in or around Indiana. As such, this Court will lack subpoena power to compel their testimony in Oregon, and this factor too favors transfer.

III.  *This Case Should Remain in the District of Oregon*

As the above discussion exhibits, this is a very close question. On the one hand, the motorhome was manufactured in Indiana, defendant had very little contact with Oregon, the parties agreed that the sale occurred in Indiana, Indiana law governs, and the majority of the non-party witnesses and some physical evidence are located in Indiana. On the other hand, plaintiffs had very little contact with Indiana, plaintiffs chose to file in Oregon, the key piece of physical evidence (the motorhome) is located in Oregon, and plaintiffs will bear some additional costs associated with the transfer of venue.

Having carefully considered all relevant factors, I conclude that the two most important considerations in this case are the location of the witnesses and the evidence. I find that it will be easier to accommodate witness testimony and transfer physical evidence *from* Indiana, even in the absence of subpoena power, than it will be to accommodate transfer of physical evidence *to* Indiana. Therefore, this District is the superior forum for adjudication of this lawsuit.

## CONCLUSION

Defendant's motion to transfer venue (doc. 5) is DENIED.

IT IS SO ORDERED.

Dated this ___ day of August 2018.

_____
Ann Aiken
United States District Judge